IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Criminal Action No. 17- |
| KEITH L. CAMPBELL, | ) |
| Defendant. | ) |



**INDICTMENT**

The Grand Jury for the District of Delaware charges that:

**Count 1**

1. On or about September 6, 2014, in the District of Delaware, and elsewhere, Keith L. Campbell, the defendant, did unlawfully, knowingly, and willfully seize, confine, kidnap and abduct an employee of Ace Cash Express ("the employee"), residing in Trainor, Pennsylvania, for the purpose of committing a robbery of Ace Cash Express, as set forth in Counts 2 and 3 of this Indictment, incorporate herein by reference, and, in furtherance of the commission of the offense, did willfully transport the employee in interstate commerce from the State of Pennsylvania to the State of Delaware, in violation of Title 18, United States Code, Section 1201(a)(1).

**Count 2**

2. At all times material to this Indictment, Ace Cash Express, 3209 Miller Road, Wilmington, Delaware, was a check cashing business engaged in interstate commerce and in an industry which affects interstate commerce.

3. On or about September 6, 2014, in the District of Delaware, Keith L. Campbell, the defendant, did unlawfully attempt to obstruct, delay, and affect commerce and the movement of

articles and commodities in commerce by robbery, as those terms are defined in Title 18, United States Code, Section 1951, in that the defendant did attempt to take and obtain personal property consisting of United States currency from the person and in the presence of another against that person's will, by means of actual and threatened force, violence, and fear of immediate and future injury to the person and others, that is, the defendant kidnapped an employee of Ace Cash Express ("the employee") from the employee's home in Trainor, Pennsylvania, in the presence of the employee's family, and forced the employee at gun point to drive the defendant from the employee's home in Trainor, Pennsylvania to Ace Cash Express in Wilmington, Delaware, where the defendant ordered the employee to enter Ace Cash Express and give the defendant all the cash within, under the threat that the defendant would harm the employee and cause the employee's family to be harmed if the employee did not comply with the defendant's orders.

All in violation of Title 18, United States Code, Section 1951(a).

## Count 3

4. The allegations contained in paragraph 2 are incorporated herein by reference.

5. On or about September 6, 2014, in the District of Delaware and elsewhere, Keith L. Campbell, the defendant, knowingly and intentionally combined, conspired, confederated and agreed with another person to unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, as those terms are defined in Title 18, United States Code, Section 1951, by unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another against that person's will, by means of actual and threatened force, violence, and fear of immediate and future injury to the person and others, that is, together with an uncharged co-conspirator the defendant kidnapped an employee of Ace Cash Express ("the employee") from the employee's home in Trainor,

Pennsylvania, in the presence of the employee's family, and forced the employee at gun point to drive the defendant from the employee's home in Trainor, Pennsylvania to Ace Cash Express in Wilmington, Delaware, where the defendant ordered the employee to enter Ace Cash Express and give the defendant all the cash within, under the threat that the defendant would harm the employee and the defendant's co-conspirator would harm the employee's family if the employee did not comply with the defendant's orders.

All in violation of Title 18, United States Code, Section 1951(a).

A TRUE BILL:

_____
Foreperson

DAVID C. WEISS
Acting United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

Dated: 4/4/17

3