IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-26-RGA |
| | ) | |
| KEITH CAMPBELL | ) | |

**MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *CARPENTER v. UNITED STATES***

The Defendant, Mr. Keith Campbell, through his counsel, Assistant Federal Defender Akin Adepoju, respectfully moves this Court for a 60 day stay pending a decision from the United States Supreme Court in *Carpenter v. United States*, No. 16-402. Because *Carpenter* involves the same question of law as this case, and that the parties in the case have already filed their briefs before the High Court, principles of judicial economy, as well as time and effort of counsel, strongly favor a stay on this *constitutional* issue pending guidance from the Supreme Court.

**BACKGROUND**

1. Following an alleged kidnapping and attempted robbery, the government obtained cell site location data – without a warrant, but pursuant to the Stored Communications Act, 18 U.S.C. §2703. Based on the information gleaned from the data obtained without a warrant, law enforcement focused on Mr. Campbell in the case. There is no physical evidence that connect Mr. Campbell to the offense. Indeed, a DNA test was conducted on evidence retrieved from the

scene. There was no match to Mr. Campbell. The cell site location data is without question, paramount to the prosecution's case. If the Court suppresses the evidence, which is Mr. Campbell's position, the case is essentially over.

***United States v. Carpenter***

2. *Carpenter* originated out of Eastern District of Michigan. There, the defendant was charged with participating in several robberies after the government said cellphone records – which included calls made and geographic location – placed him near four of the crime scenes. The FBI obtained historical cell site location records including "cell site information for the target telephones." Generally, cell site records show which cell tower a cell phone has connected to, including when making or receiving a call. The information was obtained under the Stored Communications Act. That is, without a warrant.

3. At trial, the defendants moved to suppress the evidence under the Fourth Amendment, but the district court denied their motion. *See United States v. Carpenter*, 2013 WL 6385838. At trial, a FBI agent offered expert testimony explaining that the cell phone data obtained under the Stored Communications Act indicated that the defendants' cell phones were within a half-mile to two miles of the location of each of the robberies around the time they occurred. The import being that the defendants were guilt. The jury convicted defendant Carpenter on all but one of the charges.

4. Mr. Carpenter appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the conviction. *See United States v. Carpenter*, 819 F.3d 880 (2016). But even in a three-panel decision, there was no consensus on the Fourth Amendment analysis. Judge Stranch, in his concurring opinion, noted that "the sheer quantity of sensitive information procured without a warrant in this case raises Fourth Amendment concerns of the type the Supreme Court and our circuit acknowledge in *United States v. Jones*." He also acknowledged the "18 separate majority, concurring, and dissenting opinions" across five circuit courts in similar cases.

***<u>Carpenter v. United States</u>***

5. Carpenter argued that he has a reasonable expectation of privacy in cell site location information held by his cellular service provider. Brief for Petitioner, *Carpenter v. United States* (No. 16-402), 2017 WL 3575179, at *16. He asserts that the Court's decades old third-party doctrine cases – *Smith v. Maryland*, 442 U.S. 735 (1979), and *United States v. Miller*, 425 U.S. 435 (1976)–should not apply when the government seeks detailed records from a cell phone provider cataloguing the location and movements of a cell phone user. Brief for Petitioner at *11-12. These are the same arguments Mr. Campbell will be advancing before this Court.

6. In *Smith*, the Court ruled that the short-term use of a pen register to capture the telephone numbers a person dials is not a search under the Fourth

Amendment. 442 U.S. at 740-42. The Court reasoned, in part, that when dialing the phone number the caller voluntarily conveys the information to the telephone company. *Id*. Likewise, in *Miller* the Court concluded that bank customers do not have any Fourth Amendment interest in their bank records because all the information in those records has been voluntarily conveyed to the bank. 425 U.S. at 438-40. Carpenter relies on *United States v. Jones*, 565 U.S. 400 (2012) (holding that tracking a car with a GPS device is a Fourth Amendment search), to argue that acquisition of long-term location information from a cellular service provider is a search. Brief for Petitioner at *16-23.

7. The government opposed any further review by the Supreme Court arguing that *Miller* and *Smith* resolve the issue. Brief for the United States in Opposition, *Carpenter v. United States* (No. 16-402), 2017 WL 411305, at *14. First, the government argues, Carpenter lacks any subjective expectation of privacy in phone company records of cell site data because that information is in business records that the companies create for their own purposes. *Id*. Additionally, the government asserts, cell phone users understand that their phones emit signals that are conveyed to their service providers as a necessary incident to making or receiving calls. *Id*. at 15. And, under the third-party doctrine, the government asserts, there can be no reasonable expectation of privacy in information turned over to the phone company. *Id*. Counsel reckons that the prosecution in this case will rely on the same or similar arguments.

8. Over the government's opposition, the Supreme Court granted certiorari. The issue pending before the Supreme Court in *Carpenter v. United States* is:

> Whether the warrantless seizure and search of historical cellphone records revealing the location and movements of a cellphone user over the course of 127 days is permitted by the Fourth Amendment.

https://www.supremecourt.gov/docket/docketfiles/html/qp/16-00402qp.pdf (last accessed October 16, 2017).

9. The prosecution objects to a stay here in light of *In the Matter of the Application of the United States of America for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government*, 620 F.3d 304 (3d Cir. 2010).

**LEGAL STANDARDS**

10. District courts have the authority "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice. *Landis v. N. Am. Co*. 299 U.S. 248, 249, 254 (1936). A district court can use this power and issue stays to promote judicial economy, to reduce confusion and prejudice, and to prevent inconsistent decisions. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist*., 559 F.3d 1191, 1198 (11th Cir. 2009) (where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues," a stay is potentially warranted). A stay is proper here because the issue to be decided in *Carpenter* is on point to one of the anticipated pretrial motions in this case, and possibly dispositive of the case.

11. Notably, the parties briefs and at least twenty amicus briefs have been filed in this case. Its importance cannot be understated. Thus, the case is fully briefed. Oral argument is set for Wednesday, November 29, 2017. *See* Docket, https://www.supremecourt.gov/docket/docketfiles/html/public/16-402.html (last accessed Oct. 16, 2017).

**NO PREJUDICE FROM THE STAY**

12. There is no prejudice to the prosecution. Mr. Campbell is in custody and the prejudice would be to him, whose custody time involve a state sentence and any delay in the imposition of a federal sentence minimizes the length of time a potential federal sentence can be concurrent because a federal sentence cannot run until the date it is imposed. Any prejudice that can be articulated is far outweighed by a comparatively brief stay. Without a stay, the parties and Court will suffer the hardship of unnecessary litigation, that could come from a ruling that can be reversed or modified by the Supreme Court's decision or rationale.

Respectfully submitted,

/s/ Akin Adepoju

AKIN ADEPOJU
Assistant Federal Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE 19801
Phone: 302-573-6010
Fax: 302-573-6041
E-mail: Akin_Adepoju@fd.org