IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-26-RGA |
| | ) | |
| KEITH CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO STAY PROCEEDINGS

The United States of America, by and through its undersigned attorney, opposes the defendant's request for a stay of proceedings.

The defendant has filed no motion to suppress or any other pretrial motion except the instant motion.[1] If the defendant files a motion to suppress historical cell site location information obtained by an order issued pursuant to 18 U.S.C. § 2703(d), Third Circuit case law is dispositive of that issue. See *In Re Application of United States for an Order Directing a Provider of an Electronic Communication Service to Disclose Records to the Government,* 620 F.3d 304, 313 (3d Cir. 2010) (cell site location information is obtainable by order under 18 U.S.C. § 2703(d) and does not require a probable cause determination).

This appellate precedent, even if overturned by *Carpenter v. United States*, No. 14-402, results in the application of the good faith exception. *Davis v. United States*, 564 U.S. 229, 248-49 (2011) (search conducted in objectively reasonable reliance on binding appellate precedent not

---

[1] Pretrial motions were ordered to be filed on or before May 30, 2017. D.I. 10. Defendant requested and received four extensions, totaling five months, to October 30, 2017. D.I. 13, 14, 17-22.

subject to exclusionary rule). Accordingly, an adverse ruling to the government in *Carpenter* will not result in suppression of evidence.

Further, any ruling in *Carpenter* necessarily will be limited to its facts, which are materially distinguishable from the instant case. In *Carpenter*, the issue is with 127 days of cell site data. In the instant case, multiple §2703(d) Orders were issued, some for durations of less than three hours. In this regard, the government quotes the brief of the United States in *Carpenter*:

> Petitioner acknowledges that "there is some period of time for which the government may obtain a person's historical [cell-site information] free from Fourth Amendment scrutiny, because the duration is too brief to implicate the person's reasonable privacy interest." Br.30 (brackets, citations, and internal quotation marks omitted). That concession follows from petitioner's recognition (Br. 30-31) that investigators using traditional surveillance techniques frequently obtain information about an individual's location and movement's during discrete time periods. "[R]elatively short-term monitoring of a person's movements" therefore "accords with expectations of privacy that our society has recognized as reasonable." Jones, 565 U.S. at 430.

2017 WL 4311113.

The government submits that Petitioner in *Carpenter* already has effectively conceded that a mere several hours of cell cite data is free from Fourth Amendment scrutiny. Thus, the Supreme Court's ruling in *Carpenter* can be expected to have limited applicability to the instant matter.

The Court should deny the defendant's motion.

DAVID C. WEISS
Acting United States Attorney

By: /s/
Edmond Falgowski
Assistant United States Attorney

Dated: 10/19/17