IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA    )
    )
    v.    )    Criminal No. 17-26-RGA
    )
KEITH CAMPBELL    )

## MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

Mr. Keith Campbell, through Assistant Federal Defender Akin Adepoju, moves to dismiss Count One because the statute, 18 U.S.C. § 1201(a), prohibits unlawful kidnapping in which the accused uses "instrumentalities of interstate or foreign commerce" to commit kidnapping. The statute is unconstitutional because it (a) violates the Commerce Clause under *United States v. Lopez*, 514 U.S. 549, 558-559 (1995), (b) void for vagueness because it is overly broad, and (c) fails to provide minimal guidelines for its enforcement.

## BACKGROUND

1.    Count one alleges that:

> On or about September 6, 2014, in the District of Delaware, and elsewhere, Keith L. Campbell, the defendant, did unlawfully, knowingly, and willfully seize, confine, kidnap and abduct an employee of Ace Cash Express ("the employee"), residing in Trainor, Pennsylvania, for the purpose of committing a robbery of Ace Cash Express, as set forth in Counts 2 and 3 of this Indictment, incorporate herein by reference, and, in furtherance of the commission of the offense, did willfully transport the employee in interstate commerce from the State of Pennsylvania to the State of Delaware, in violation of Title 18, United States Code, Section 1201(a)(l).

Docket No. 2 (Redacted Indictment).

2.      Originally enacted in 1932 as a response to the kidnapping of the

Lindberg baby, the Federal Kidnapping Act was designed to assist state

government in quashing the then epidemic of organized kidnapping syndicates.

*See United States v. Chatwin*, 326 U.S. 455, 463 (citing H.R. Rep. No. 72-1493

(1932)). The point of the Act, simply, was to enable federal authorities to chase

kidnappers when they fled from one jurisdiction to another. *Id*. To achieve this

end, Congress used "comprehensive language" in the Act to cover "every

possible variety of kidnapping followed by interstate transportation," thereby

giving federal authorities broad power to "disregard borders" and prosecute

interstate kidnappings that individual states' laws could no longer reach. *Id*. It

has appeared we have reached a point, as demonstrated by this case, that the

prosecution remembers the rubric but has forgotten the rationale in that it has

disconnected the point of the statute from the reasoning behind it, and thus

going headlong down the slippery slope of prosecuting every kidnapping.

### The Requirement of Specificity In A Statute

3.      "As generally stated, the void-for-vagueness doctrine requires that a

penal statute define the criminal offense with sufficient definiteness that

ordinary people can understand what conduct is prohibited and in a manner

that does not encourage arbitrary and discriminatory enforcement." *Kolender v.*

*Lawson*, 461 U.S. 352, 357 (1983). "Although the doctrine focuses both on actual

notice to citizens and arbitrary enforcement, we have recognized recently that

the more important aspect of the vagueness doctrine 'is not actual notice, but

2

the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Id*. at 357–58 (quoting *Smith v. Goguen*, 415 U. S. 566, 574 (1974)). "Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Id*. (quoting *Smith*, 415 U.S. at 575).

### Statute is Arbitrarily Vague

4.     The void-for-vagueness doctrine requires that a penal statute define the criminal offense so that an ordinary person can understand what conduct is prohibited in a manner that does not encourage arbitrary enforcement. *United States v. Brooks*, 681 F.3d 678 (5th Cir. 2012). What conduct is criminalized cannot be determined from this statute Section 1201(a)(1) fails to provide a specific-enough definition of prohibited conduct—an ordinary citizen cannot tell what violates this section. Section 1201(a)(1) federalizes any kidnapping that "uses … any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense[.]" But what exactly is a means, facility, or instrumentality of interstate or foreign commerce?

5.     Title 18 of the United States Codes provides no help. It does not include a definition to aid the ordinary citizen seeking to understand what constitutes a violation of this portion of section 1201(a)(1). In short, "any means, facility, or

instrumentality of interstate or foreign commerce" is not defined by the statute and is not definable by the ordinary citizen. Thus, the ordinary citizen cannot tell what conduct this statute criminalizes.

### The Statute Enables Discriminatory, Arbitrary Enforcement

6.      The breadth of this statute—more specifically, the breadth of "uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense"—criminalizes federally virtually every intrastate kidnapping. Simply transporting a kidnapping victim in a car, no matter how short the distance, would federalize the offense. Unless the complaining witness was simply carried down a residential street and held in a house in the same neighborhood with a hand-delivered ransom demand, it's hard to envision an alleged kidnapping that would not fall within the ambit of this statute.


7.      Why this particular case has been selected for federal prosecution is not clear. The alleged conduct largely took place in Pennsylvania. Both the Commonwealth of Pennsylvania and State of Delaware have kidnapping statutes. *See* 18 Pa.C.S. § 2901 and 11 Del. C. § 783A respectively. The federalization of this offense "is inconsistent with the traditional notion that prevention of crime and law enforcement in this country are basically state functions." The inappropriate federalization may produce disparate results for the same conduct. In short, this statute effectively criminalizes any alleged

4

kidnapping while providing no guidance as to how the statute should be implemented.

8.     Because subsection of 18 U.S.C. § 1201(a)(1)in this case fails to give ordinary citizens notice of what it criminalizes, virtually federalizes every kidnapping without providing guidelines to direct its enforcement thereby enabling arbitrary and discriminatory enforcement of the statute, Count One of the Indictment should be dismissed.

Respectfully submitted,

/s/ Akin Adepoju

AKIN ADEPOJU, ESQUIRE
Assistant Federal Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE 19801
Phone: 302-573-6010
Fax: 302-573-6041
E-mail: Akin_Adepoju@fd.org