IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-26-RGA |
| | ) | |
| KEITH CAMPBELL | ) | |

**MOTION TO SUPPRESS WARRANTLESS SEARCH OF CELLPHONE
DATA AND HISTORICAL CELL SITE LOCATION DATA**

Ubiquitous use of modern cell phones, particularly smart phones, – together with the rapidly advancing technology supporting that use – means that almost all citizens carry a *de facto* G.P.S. tracking device with them virtually all the time. This technology provide most private information of their lives and bears Fourth Amendment implications. *See generally Kyllo v. United States*, 533 U.S. 27, 38 (2001) (potential for gathering "intimate" information may be relevant to determination of whether use of surveillance technology constitutes search within scope of Fourth Amendment).

Mr. Keith Campbell, through Assistant Federal Defender Akin Adepoju, respectfully moves this Court, pursuant to the Fourth Amendments of the United States Constitution and Federal Rules of Criminal Procedure 12(b)(3), for an Order suppressing any and all evidence derived from the warrantless acquisition of his cell site location data without a warrant.

# BACKGROUND

1.  Following an alleged kidnapping and attempted robbery, the government obtained cell site location data – without a warrant, but pursuant to the Stored Communications Act, 18 U.S.C. §2703. This violates the Fourth Amendment. Counsel notes that in *Carpenter v. United States*, No. 16-402, the Supreme Court is considering whether the government must seek a warrant for cell site location information. The Supreme Court heard oral arguments on November 29, 2017.

2.  Cell phone technology is capable of generating records tracking a person's movements and locations every time the cell phone is used to make or receive a call. Bearing in mind that people use cell phones at virtually all times and places, it follows that "cellular service providers have records of the geographic location of almost every American almost every time of day and night." *In the Matter of an Application of the United States for an Order Authorizing the Release of Historical Cell-site Information*, ___F. Supp. 2d___, 2011 WL 3678934 (E.D.N.Y. August 22, 2011). Such data "yields . . . a highly detailed profile, not simply of where we go, but by easy inference, of our associations – political, religious, amicable and amorous, to name only a few –

and of the pattern of our professional and avocational pursuits." *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010).

3.      Here, the government gathered such records on Mr. Campbell. Rather than seek a warrant – which would have forced them to show they had probable cause to believe that Mr. Campbell had committed a crime – the government relied on the Stored Communications Act, 18 U.S.C. 2703(c), which allows the government, upon an articulation of relevance to a criminal investigation, and without any requirement of showing probable cause, to obtain from communications service providers "a record or other information pertaining to a subscriber." Obtaining this information without warrant violates the Fourth Amendment and the information gathered must be suppressed. Additionally, the Stored Communications Act, 18 U.S.C. 2703 is unconstitutional as applied here because it violates te Fourth Amendment.

## LEGAL STANDARDS

4.      At its core, the Fourth Amendment prohibits a warrantless search as *per se* unreasonable, unless a specific exception applied. "[A]pplication of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740

(1979). The *Smith* rule was premised on the very limited trap and trace device and the pen register, not a tiny computer people carry around capable of giving away one's every secret.

5. In *United States v Maynard*, 615 F.3d 544, 558 (D.C. Cir. 2010), the Court held that surveillance over a month long period with a warrantless GPS installed on car violates the Fourth Amendment because a person has a reasonable expectation of privacy. *See also In re Application of U.S.*, 736 F. Supp. 2d 578 (E.D.N.Y. 2010) (holding historical cell phone data is protected by the Fourth Amendment). The Third Circuit has held that the Act creates a "sliding scale" under § 2703(d) whereby a magistrate judge could, at her discretion, require the government to obtain a warrant or Section 2703(d) Order. *In re Application of the United States*, 620 F.3d 304 (3d Cir. 2010). The Supreme Court has not yet ruled.

6. Historical cell phone data is available under the Stored Communications Act ("Act"), 18 U.S.C. § 2703 et seq., only, with exceptions not present here, when law enforcement obtains a court order under §§ 2703 (c)(1)(B) and 2703(d) of the Act or a warrant as specified in § 2703(c)(1)(a) of the Act. The 2703(d) standard of proof required for a court order under § 2703(c)(1)(B) is:

4

> (d) Requirements for court order. A court order for disclosure . . . shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation. N84.

7. The reasonable grounds standard used here is unconstitutional. The Fourth Amendment protects the right of the people from unreasonable searches and seizures. Fourth Amendment protections extend to people in areas of life where they have a reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 361 (1967). Fourth Amendment protection cannot be claimed for information knowingly exposed to the public. *Id.* at 351. However, the Fourth Amendment makes warrantless searches performed without a probable cause determination per se unreasonable, with exceptions not relevant here. *Arizona v Gant*, 556 U.S. 332 (2009). Thus, Mr. Campbell asserts a Fourth Amendment challenge to the cell site data in this case because he has a reasonable expectation of privacy in the information generated by his cell phone.

8. Here, the government did not use a probable cause standard, and relied solely on the reasonable grounds standard set forth in the Act. Obtaining the date here under the Stored Communications Act is a way of circumventing the Fourth Amendment's warrant clause. Even a review of the documents presented to the magistrate demonstrates that the government did not present

sufficient "reasonable grounds" to obtain the information. It made blanket, broad, and boilerplate requests. This is insufficient and unreasonable, and must be suppressed.

DATED: December 6, 2017     Respectfully submitted,

/s/ Akin Adepoju
AKIN ADEPOJU, ESQUIRE
Assistant Federal Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE 19801
Phone: 302-573-6010
Fax: 302-573-6041
E-mail: Akin_Adepoju@fd.org