IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17-26-RGA |
| ) | |
| KEITH CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRODUCE EVIDENCE UNDER FED. R. EVID. 404(b) AND 609

The defendant requests that the Court order the government to produce all potential Rule 404(b) and 609 evidence at least 30 days before trial.

The defendant's motion is premature. No trial date has been set, and the government has not yet identified the specific bad acts, if any, that it will seek to introduce at trial. However, the government hereby acknowledges the requirement to provide "reasonable notice" of Rule 404(b) evidence, and will do so at least 2 weeks before trial, if it determines that it will seek to offer any evidence under that rule. Courts have held that 2 weeks' notice is more than adequate. See, e.g., United States v. Perez-Tosta, 36 F.3d 1552, 1560-63 (11th Cir. 1994) (6 days notice sufficient); United States v. Kern, 12 F.3d 122, 124 (8th Cir. 1993) (14 days sufficient); United States v. French, 974 F.2d 687, 694-95 (6th Cir. 1992) (1 week sufficient).

As for Rule 609, the government has provided the defendant with a copy of his criminal record, which includes felony convictions. Prior to introducing such evidence at trial, the government would file a relevant motion in limine pursuant to the Court's scheduling order.

The defendant's motion should be denied as moot.

                                              Respectfully Submitted,

                                              DAVID C. WEISS
                                              Acting United States Attorney

                                              By: _____
                                              Edmond Falgowski
                                              Assistant United States Attorney

Dated: 1/17/18