IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH L. CAMPBELL, )<br>)<br>Defendant. ) | Crim. Action. No. 17-26-RGA |

MEMORANDUM ORDER

The Defendant has filed seven pretrial motions. By this order, I resolve six of them.

The Motion to Produce Evidence the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 (D.I. 33) is **GRANTED IN PART AND DISMISSED IN PART**. The dispute on Rule 404(b) evidence is whether notice should be required to be thirty days, or two weeks, before trial. It may be that two weeks will be sufficient, but the Government does not show why it cannot produce the notice earlier, and it would allow a more orderly approach to trial if there is a serious dispute over the proposed evidence. Thus, the Government is ordered to give notice no later than thirty days before trial. The Government need not name witnesses at that time. The Rule 609(b) evidence has already been produced. The request for it is therefore moot.

The Motion to Preserve Law Enforcement's Rough Notes (D.I. 34) is **GRANTED**. The Government has already so instructed federal agents, but it seems obvious that

state and/or local law enforcement officers were also involved in the investigation. The Government must therefore also so instruct any state and/or local law enforcement officers that it is going to call at trial.

The Motion to Dismiss Count Three of the Indictment (D.I. 35) is **DENIED**. Defendant states that the Government cannot prove its case. But the sufficiency of the evidence is not the proper subject of a pretrial motion to dismiss. *See United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000).

The Motion for Change of Venue to Eastern District of PA (D.I. 36) is **DENIED**. The Indictment alleges that the offense of Count 3 occurred in the District of Delaware. That is sufficient.

The Motion for Discovery (D.I. 37) does not appear to present a dispute, and is therefore **DISMISSED** as moot. The parties are to meet-and-confer, and, if there is some actual dispute that the Court needs to resolve, Defendant has leave to file a revised motion.

The Motion to Dismiss Count One of the Indictment (D.I. 31) is **DENIED**. Given that the statute upon which the Government relies requires in relevant part proof of transportation in interstate commerce, it does not appear that the statute violates the Commerce Clause. Nor does it appear to be void for vagueness. It prohibits the transportation of the victim in interstate commerce. Defendant does not allege that this portion is vague; rather, he alleges that an uncharged portion of the statute is unconstitutionally vague. And I do not understand Defendant's "discriminatory, arbitrary enforcement" argument, which is unsupported by any citation to authority.

The Government and Defendant are **DIRECTED** to meet and confer and to submit a status report stating how long they expect trial in this case to last, and to suggest a date by which they will be ready for trial.

IT IS SO ORDERED this 5 day of March 2018.

_____
United States District Judge