# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION<br>OF THE UNITED STATES<br>OF AMERICA FOR AN ORDER<br>FOR DISCLOSURE OF<br>TELECOMMUNICATION RECORDS | : misc<br>: NO. 14-222<br>:<br>:<br>: |

ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), by AUSA Edmond Falgowski, an attorney for the Government, which Application requests an Order under Title 18, United States Code, Section 2703(d), providing for the disclosure of transactional and subscriber records of cellular communications pertaining to cellular towers located in Delaware, the Court finds, based on specific and articulable facts, that there are reasonable grounds to believe the requested information is relevant and material to an ongoing criminal investigation into possible violations of federal law, including Title 18, United States Code, Section 1951(a). The Court also finds there is reason to believe that disclosure to the subscribers, or to other persons, of the Application, Order, or the investigation could seriously jeopardize the investigation.

ACCORDINGLY, IT IS ORDERED, pursuant to Title 18, United States Code, Sections 2703(c) and (d), that Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and any other electronic communications service provider that provided cellular telephone service on September 6, 2014, from 0731am through 0830am (Eastern Standard Time), in and around the geographic areas of 3209 Miller Road, Wilmington, Delaware 19802, and 3500 Miller Road

(Pebble Hill Apartments), Wilmington, Delaware 19802, disclose to the Federal Bureau of Investigation any and all transactional and subscriber records, **which records are not to include the content of communications**, pertaining to incoming, outgoing and ongoing cellular telephone calls and SMS texts, received by or transmitted from the relevant cellular telephone towers.

IT IS FURTHER ORDERED that the transactional records shall include cell site information, call detail records, evolution data optimized (EVDO) information, per call measurement data (PCMD), and subscriber information, whether published or non-published.

IT IS FURTHER ORDERED that this Order and the Application be **sealed** until otherwise ordered by the Court, and that Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and any other electronic communications provider that serviced its customers through the relevant cellular telephone towers, and their agents and employees **shall not disclose** the existence of the application, this Order, or the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court.

ORDERED, this \_\_13\_\_ day of November, 2014.

_____
Honorable Christopher J. Burke
United States Magistrate Judge

CERTIFIED:
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

IN THE MATTER OF THE APPLICATION : MISC
OF THE UNITED STATES : NO. 14-222
OF AMERICA FOR AN ORDER :
FOR DISCLOSURE OF :
TELECOMMUNICATION RECORDS :

## APPLICATION FOR ORDER REQUIRING DISCLOSURE OF HISTORICAL CELLULAR SITE INFORMATION

The United States of America, moving by and through its undersigned counsel, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, hereby applies to the Court for an order, pursuant to Title 18, United States Code, Section 2703(c) & (d), providing for the disclosure to the Federal Bureau of Investigation of any and all transactional and subscriber records of incoming, outgoing and ongoing cellular communications from certain cellular towers in Delaware.

In summary, this is the government's **second** application in the instant FBI investigation. On October 22, 2014, in Misc. No .208 (Judge Burke), this Court issued an Order, granting a government application which is nearly identical to the instant application, except that the former application requested certain records for September 6, 2014, for the time of day "0600am through 0730am (Easter Standard Time)." (See attached Order). The instant application requests the identical records for the same date, but for a different time of day, that it, 0731am through 0830am (Eastern Standard Time).

In support of the instant application, with one exception, the undersigned restates and recertifies all the facts and allegations contained in the government's attached Application in Misc. No. 208, incorporated herein by reference. That exception is that in Paragraph 3 of

theattached Application the undersigned wrote, in part, "Instead of complying with Robber #1's demands to empty the safe, the victim telephoned her residence and learned from her family that Robber #2 no longer was at the residence." That sentence should more properly have read, according to information later received by the FBI case agent, as follows: "Instead of complying with Robber #1's demands to empty the safe, **at 0812 am** the victim emailed her boss, explained the victim's circumstances, and soon learned that Robber #2 no longer was at the victim's residence." The temporal specificity of the victim's referenced email causes the government to now request identical records as those previously sought, but for the time period 0731am through 0830am (Eastern Standard Time).

WHEREFORE the Government respectfully requests, pursuant to 18 U.S.C. Section 2703(c) & (d), that the Court order the forthwith disclosure to the FBI of the above-referenced transactional and subscriber records, **which records are not to include the content of communications**. Applicant further requests that this Application and Order be **sealed** by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation; and that the Court direct any and all electronic communications providers, and their agents and employees, not to disclose the existence of this Application and Order, or of this investigation, to the subscriber(s), or to any person unless otherwise directed by the Court.

I, Edmond Falgowski, declare under penalty of perjury that the foregoing application is true and correct to the best of my knowledge.

Executed this 12 day of November, 2014.

_____
Edmond Falgowski
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

IN THE MATTER OF THE APPLICATION  : 
OF THE UNITED STATES  : NO. 14 mc 208
OF AMERICA FOR AN ORDER  :
FOR DISCLOSURE OF  :
TELECOMMUNICATION RECORDS  :

**APPLICATION FOR ORDER REQUIRING**
**DISCLOSURE OF HISTORICAL CELLULAR SITE INFORMATION**

The United States of America, moving by and through its undersigned counsel, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, hereby applies to the Court for an order, pursuant to Title 18, United States Code, Section 2703(c) & (d), providing for the disclosure to the Federal Bureau of Investigation of any and all transactional and subscriber records of incoming, outgoing and ongoing cellular communications from certain cellular towers in Delaware.

The requested transactional and subscriber records, **which records are not to contain the content of communications,** pertain to any and all local, long distance, and direct connect calls and SMS texts received by or transmitted from cellular telephone towers that provided service on September 6, 2014, from 0600am through 0730am (Eastern Standard Time), in and around the geographic areas of 3209 Miller Road, Wilmington, Delaware 19802, and 3500 Miller Road (Pebble Hill Apartments), Wilmington, Delaware 19802, which cellular telephone towers were, and presently are, serviced by Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and possibly other electronic communications service providers.  The requested records are to include cell site information, call detail records, evolution data optimized (EVDO)

information, per call measurement data (PCMD), and subscriber information, whether published or un-published.

In support of this application, AUSA Falgowski states the following:

1. Applicant is an attorney for the Government as defined in Rule 54(c) of the Federal Rules of Criminal Procedure and, therefore, pursuant to Section 2703(c) & (d) of Title 18, United States Code, may apply for disclosure of telecommunication records.

2. Applicant certifies that the Federal Bureau of Investigation ("FBI") and the Delaware State Police are conducting a criminal investigation involving the September 6, 2014, interstate kidnapping and attempt commercial robbery of an employee of Ace Cash Express Business, which is located at 3209 Miller Road, Wilmington, Delaware 19802. The kidnapping and attempt robbery is being investigated under Title 18, United States Code, Section 1951(a).

3. It was reported to investigators that on Saturday, September 6, 2014, at approximately 0300am, two masked men forcibly entered the Trainer, Pennsylvania residence of an employee of Ace Cash Express ("the victim") and displayed handguns. The two masked men held members of the household at gunpoint and duct taped some of them, while demanding that the victim tell them, the masked robbers, how much money was in the locked safe at her place of employment, Ace Cash Express Business, located at 3209 Miller Road, Wilmington, Delaware 19802. At approximately 0630am, one of the armed men ("Robber #1") drove the victim, at gunpoint, to her referenced place of employment in Delaware, while the other suspect ("Robber #2") remained at the victim's residence in Pennsylvania. The victim observed that Robber #1 used his cellular phone throughout the drive from Trainer, Pennsylvania to Wilmington, Delaware. The victim observed that Robber #1 was both talking and texting on his cellular telephone. Upon arriving at the victim's place of employment in Delaware, Robber #1 told the

victim to enter her business and remove the cash from the safe. The victim then entered the business alone, while Robber #1 remained outside, across the street near 3500 Miller Road (Pebble Hill Apartments), Wilmington, Delaware 19802. Instead of complying with Robber #1's demands to empty the safe, the victim telephoned her residence and learned from her family that Robber #2 no longer was at the residence. Securing herself in the business behind bullet proof glass, the victim then telephoned the police to report her circumstances. Police officers soon responded to the business, but Robber #2 already had fled the scene. Robbers #1 and #2 remain unidentified.

4. It is known to investigators that individuals who commit acts of robbery and violent crimes often act with co-conspirators. These individuals will commonly communicate with each other through the use of cellular telephones. It is also known by investigators that when cellular telephones are used they communicate by using what is commonly referred to as a cell tower. Each cell tower provides cellular telephone coverage to a certain geographic area. The use of a specific cell tower and sector can show the general location of a telephone at the inception of the telephone call. The information stored by telecommunication companies regarding the usage of the cell towers providing coverage to the kidnapping and attempted robbery scenes at the time of the crime can identify cellular telephones that were in the area and provide potential information on suspects and witnesses of the crime.

5. The FBI case agent advises that cellular telephone companies operating in the relevant Wilmington, Delaware areas include Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and possibly other cellular telephone providers; that in Pennsylvania investigators have made a similar court application pertaining to cell tower information for the geographical location of the victim's Trainer, Pennsylvania residence; and that it is the intent of

investigators, in part, to compare the Trainer, Pennsylvania and Wilmington, Delaware cell tower records for common telephone numbers.

6. Applicant submits that there are specific and articulable facts, as set forth above, to demonstrate reasonable grounds to believe that the requested telecommunications records are relevant and material to the ongoing criminal investigation. Specifically, the requested telecommunication records should yield information which corroborates witness information, and may identify potential targets and/or witnesses. Therefore, the requested information will assist the FBI in its investigation and provide evidence that the referenced unknown individuals violated provisions of Title 18, United States Code, Section 1951(a).

7. Given that subjects of this investigation will likely change telephones and/or alter their methods of operation in response to law enforcement action, agents believe that disclosure of this request for information or of this investigation could seriously jeopardize the integrity of the investigation.

WHEREFORE the Government respectfully requests, pursuant to 18 U.S.C. Section 2703(c) & (d), that the Court order the forthwith disclosure to the FBI of the above-referenced transactional and subscriber records, **which records are not to include the content of communications**. Applicant further requests that this Application and Order be **sealed** by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation; and that the Court direct any and all electronic communications providers, and their agents and employees, not to disclose the existence of this Application and Order, or of this investigation, to the subscriber(s), or to any person unless otherwise directed by the Court.

I, Edmond Falgowski, declare under penalty of perjury that the foregoing application is true and correct to the best of my knowledge.

Executed this 21 day of October, 2014.

_____
Edmond Falgowski
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES
OF AMERICA FOR AN ORDER
FOR DISCLOSURE OF
TELECOMMUNICATION RECORDS

: NO. 14mc208
:
:
:
:

ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), by AUSA Edmond Falgowski, an attorney for the Government, which Application requests an Order under Title 18, United States Code, Section 2703(d), providing for the disclosure of transactional and subscriber records of cellular communications pertaining to cellular towers located in Delaware, the Court finds, based on specific and articulable facts, that there are reasonable grounds to believe the requested information is relevant and material to an ongoing criminal investigation into possible violations of federal law, including Title 18, United States Code, Section 1951(a). The Court also finds there is reason to believe that disclosure to the subscribers, or to other persons, of the Application, Order, or the investigation could seriously jeopardize the investigation.

ACCORDINGLY, IT IS ORDERED, pursuant to Title 18, United States Code, Sections 2703(c) and (d), that Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and any other electronic communications service provider that provided cellular telephone service on September 6, 2014, from 0600am through 0730am (Eastern Standard Time), in and around the geographic areas of 3209 Miller Road, Wilmington, Delaware 19802, and 3500 Miller Road

(Pebble Hill Apartments), Wilmington, Delaware 19802, disclose to the Federal Bureau of Investigation any and all transactional and subscriber records, **which records are not to include the content of communications**, pertaining to incoming, outgoing and ongoing cellular telephone calls and SMS texts, received by or transmitted from the relevant cellular telephone towers.

IT IS FURTHER ORDERED that the transactional records shall include cell site information, call detail records, evolution data optimized (EVDO) information, per call measurement data (PCMD), and subscriber information, whether published or non-published.

IT IS FURTHER ORDERED that this Order and the Application be **sealed** until otherwise ordered by the Court, and that Verizon Wireless, AT&T, Sprint, T-Mobile, Cricket (dba Neaustar), and any other electronic communications provider that serviced its customers through the relevant cellular telephone towers, and their agents and employees shall not disclose the existence of the application, this Order, or the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court.

ORDERED, this _22nd_ day of October, 2014.

_____
United States Magistrate Judge