# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE VERIFIED )<br>APPLICATION OF )<br>THE UNITED STATES FOR AN ORDER )<br>PURSUANT TO TITLE 18, UNITED )<br>STATES CODE, SECTIONS 2703(c) & (d), )<br>TO DISCLOSE RECORDS ) | Misc. No. 15-95<br>(Under Seal) |

## ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), by Edmond Falgowski, an attorney for the United States of America, which application complies with the requirements of Title 18, United States Code, Sections 2703(c) and (d), and in which application the Court finds that the applicant has certified that the information likely to be obtained through records obtained pursuant to Sections 2703(c) and (d) is relevant to an ongoing criminal investigation concerning an interstate kidnapping, in violation of 18 U.S.C. 1201, and attempted robbery, in violation of 18 U.S.C. 1951; and

**IT APPEARING** that the applicant has provided specific and articulable facts showing that there is reasonable grounds to believe the information sought to be obtained pursuant to Title 18, United States Code, Section 2703(c) and (d) is relevant and material to the ongoing investigation; and

**IT IS ORDERED,** pursuant to Title 18, United States Code, Section 2703(d), that Cellco Partnership DBA Verizon Wireless **(Verizon Wireless)** forthwith disclose and furnish to the Federal Bureau of Investigation records and data for **telephone number 302-528-6599,  for**

the period **August 1, 2014, through December 1, 2014**, as follows:

- **subscriber information**, to include the subscriber's name, social security number, date of birth, address, email address, length of service (including start date) and types of service utilized;

- **billing records,** to include all account holder and payee correspondence and information;

- **toll records**, to include the disclosure of numbers to and from said cellular telephone number, any Push to Talk (PTT) or Direct Connect numbers to and from said telephone number, any originating and terminating text messaging numbers; and

- **cell tower/cell site information**, to include sector, control channels, location and physical address of each cell site.

**IT IS ORDERED FURTHER**, pursuant to Section 2705(b) of Title 18, that this Order and the application **be sealed** until otherwise ordered by the Court, and that **Verizon Wireless** and its agents and employees not disclose the existence of this Order or the existence of this investigation to the listed subscriber(s) or to any other person, unless or until otherwise ordered by the Court.

BY THE COURT:

_____
Honorable Sherry R. Fallon
United States Magistrate Judge

Date: April 17, 2015

CERTIFIED: 4/20/16
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY_____
Deputy Clerk

-2-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE VERIFIED ) | |
| APPLICATION OF ) | |
| THE UNITED STATES FOR AN ORDER ) | Misc. No. 15-95 |
| PURSUANT TO TITLE 18, UNITED ) | (Under Seal) |
| STATES CODE, SECTIONS 2703(c) & (d), ) | |
| TO DISCLOSE RECORDS ) | |

## APPLICATION

NOW COMES the United States of America, through its attorneys, Charles M. Oberly III, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and hereby applies to the Court:

a. To issue an Order, pursuant to Title 18, United States Code, Section 2703(c) and (d), directing Cellco Partnership DBA Verizon Wireless (**Verizon Wireless**) to forthwith disclose and furnish to the Federal Bureau of Investigation records and data **for telephone number 302-528-6599, for the period August 1, 2014 through December 1, 2014,** as follows:

- **subscriber information**, to include the subscriber's name, social security number, date of birth, address, email address, length of service (including start date) and types of service utilized;

- **billing record** information;

- **toll records**, to include the disclosure of numbers to and from said cellular telephone number, any Push to Talk (PTT) or Direct Connect numbers to and from said telephone number, any originating and terminating text messaging numbers; and

- **cell tower/cell site information**, to include sector, control channels, location and physical address of each cell site.

 b. To seal this Application and Order in this matter, pursuant to Title 18, United States Code, Section 2705(b), and to command **Verizon Wireless** and its agents and employees not to disclose to the subscriber, or any other person, the existence of the Court's Order or of this investigation unless and until such time as the Court directs otherwise, because disclosure at this time would seriously jeopardize the investigation.

 In support of this application, the applicant states the following:

 1. Applicant is an "attorney for the government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Sections 2703(c) and (d) may apply for an Order as requested herein.

 2. Applicant certifies that the information sought and likely to be obtained is relevant and material to an ongoing criminal investigation, and in support thereof sets forth specific and articulable facts.

 3. The Federal Bureau of Investigation ("FBI") and other police agencies are conducting a criminal investigation involving the September 6, 2014, interstate kidnapping and attempt commercial robbery of an employee of Ace Cash Express Business, located at 3209 Miller Road, Wilmington, Delaware 19802. The kidnapping and attempt robbery are being investigated under 18 U. S. C. 1201 and 1951, respectively.

 4. It was reported to investigators that on Saturday, September 6, 2014, at approximately 0300am, two masked men forcibly entered the Trainer, Pennsylvania residence of an employee of Ace Cash Express ("the victim") and displayed handguns. The two masked men held members of the household at gunpoint and duct taped some of them, while demanding that the victim tell them, the masked robbers, how much money was in the locked safe at the victim's

place of employment, Ace Cash Express Business, located at 3209 Miller Road, Wilmington, Delaware 19802. At approximately 0630am, one of the armed men ("Robber #1") drove the victim, at gunpoint, to her referenced place of employment in Delaware, while the other masked gunman ("Robber #2") remained at the victim's residence in Pennsylvania. The victim observed that Robber #1 used his cellular phone throughout the drive from Trainer, Pennsylvania to Wilmington, Delaware. The victim observed that Robber #1 was both talking and texting on his cellular telephone. Upon arriving at the victim's place of employment in Delaware, Robber #1 told the victim to enter her business and remove the cash from the safe. The victim then entered the business alone, while Robber #1 remained outside, across the street near 3500 Miller Road (Pebble Hill Apartments), Wilmington, Delaware 19802. Instead of complying with Robber #1's demands to empty the safe, at 8:12 am the victim emailed her boss, explained her (the victim's) circumstances, and soon learned that Robber #2 no longer was at the victim's residence. Securing herself in the business behind bullet proof glass, the victim then telephoned the police to report her circumstances. Police officers soon responded to the business, but Robber #2 already had fled the scene. Robbers #1 and #2 remain unidentified.

5. It is known to investigators that individuals who commit acts of robbery and violent crimes often act with co-conspirators. These individuals will commonly communicate with each other through the use of cellular telephones. It is also known by investigators that when cellular telephones are used they communicate by using what is commonly referred to as a cell tower. Each cell tower provides cellular telephone coverage to a certain geographic area. The use of a specific cell tower and sector can show the general location of a telephone at the inception of the telephone call. The information stored by telecommunication companies regarding the usage

of the cell towers providing coverage to the kidnapping and attempted robbery scenes at the time of the crime can identify cellular telephones that were in the area and provide potential information on suspects and witnesses of the crime.

6. On October 22, 2014, in Misc. No 14-222 (Judge Burke), this Court ordered cellular telephone companies, operating in the relevant Wilmington, Delaware areas, including **Verizon Wireless**, AT&T, Sprint, T-Mobile, and Cricket (dba Neaustar) to provide the telephone numbers of all cell phones making contact with Wilmington area cell towers for the day and time of the referenced kidnapping. Investigators in Pennsylvania similarly obtained such records for cell towers in the geographical location of the victim's Trainer, Pennsylvania residence. Comparison of the two sets of records by investigators disclosed that **302-528-6599** appeared in the Pennsylvania cell tower records near the time the victim's kidnapping began in Trainer, Pennsylvania AND in the Wilmington, Delaware area cell tower records near the time the victim's kidnapping moved to Wilmington. Accordingly, there is reason to believe that the cell phone used by Robber #1 was assigned telephone number **302-528-6599.** This telephone number, investigators have learned, is serviced by **Verizon Wireless**.

7. Applicant submits that there are specific and articulable facts, as set forth above, to demonstrate reasonable grounds to believe that the requested telecommunications records are relevant and material to the ongoing criminal investigation. Specifically, the requested telecommunication records should yield information corroborates witness information, and may identify potential targets and/or witnesses. Therefore, the requested information will assist the FBI in its investigation and provide evidence that the referenced unknown individuals violated provisions of Title 18, United States Code, Sections 1201 and 1951.

8.	The government believes that disclosure of this request for information or of this investigation could seriously jeopardize the investigation. The government requests that the matter be sealed and that the Court's Order include nondisclosure provisions.

WHEREFORE, it is respectfully requested that the Court issue an Order as detailed in the above Application. A proposed Order is attached.

Respectfully submitted,

CHARLES M. OBERLY III
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

Dated: April 17, 2015

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE VERIFIED )<br>APPLICATION OF )<br>THE UNITED STATES FOR AN ORDER )<br>PURSUANT TO TITLE 18, UNITED )<br>STATES CODE, SECTIONS 2703(c) & (d), )<br>TO DISCLOSE RECORDS ) | Misc. No. 15-<br>(Under Seal) |

### VERIFICATION
### OF APPLICATION

I, Edmond Falgowski, declare under penalty of perjury that the foregoing application is true and correct to the best of my knowledge.

Executed this 17th day of April, 2015.

_____
Edmond Falgowski
Assistant United States Attorney

CERTIFIED: 4/20/15
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY_____
     Deputy Clerk