IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 17-26-RGA |
| | ) | |
| KEITH L. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO SUPPRESS WARRANTLESS SEARCH**

Defendant filed a motion to suppress (D.I. 32), to which the United States responded (D.I. 43).

During the course of the investigation, the United States obtained two orders providing for telephone companies to disclose cell site information, call detail records, evolution data optimized (EVDO) information, per call measurement data (PCMD), and subscriber information for two and one-half hours on September 6, 2014 for two locations on Miller Road in Wilmington. (D.I. 50-1, 50-2). The orders did not specify any particular telephone numbers. Similar orders were obtained by law enforcement authorities in Pennsylvania. (D.I. 50-3 at 7). I believe these orders were what the Supreme Court has characterized as "a download of information on all the devices that connected to a particular cell site during a particular interval," known as a "tower dump." *Carpenter v. United States*, 585 U.S. ___, 2018 WL 3073916, at *13 (June 22, 2018). The results were analyzed, and a phone number of investigative interest was developed. The United States then obtained an order for disclosure of Verizon Wireless's available records for that phone number, including "cell-site location information," but covering

four months, and including additional information such as billing records and toll records. The orders all cited 18 U.S.C. section 2703(c) & (d) as the authority for obtaining the orders.

The motion to suppress relies primarily upon the then-pending-in-the-Supreme-Court case of *United States v. Carpenter*. The Supreme Court recently decided the case. (D.I. 67-1). As Defendant notes, the holding is that acquisition of historical "cell-site location information" is a search protected by the fourth amendment. *Carpenter*, 2018 WL 3073916, at *12. I think this directly implicates the Verizon Wireless order, but less so the tower dump orders. The Supreme Court in *Carpenter* specified that it was "not express[ing] a view on matters not before [it]: . . . 'tower dumps.'" *Id.* at *13. Indeed, since the Supreme Court's rationale for finding cell-site location information to be protected by the fourth amendment was directly related to the "tireless and absolute surveillance" such information provided, *see id.* at *10, which is not provided by a "tower dump," it is likely that most of the orders at issue in this case are not protected by the fourth amendment. But at least the last one to Verizon Wireless is so protected. It presumably resulted in four months of "tireless and absolute surveillance" of Defendant. (The motion to suppress refers to the cell site location data as being the Defendant's. (D.I. 32 at 1)). Thus, law enforcement was required to obtain a warrant to obtain the cell-site location information.

The Government's response noted that Third Circuit precedent approved of the use of court orders to obtain cell-site location information. (D.I. 43, citing, *United States v. Stimler*, 864 F.3d 253, 266-67 (3d Cir. 2017); *In re Application*, 620 F.3d 304, 313 (3d Cir. 2010)). The Government noted that the Supreme Court has previously held that law enforcement actions in compliance with binding appellate precedent, such as *Stimler* and *Application*,[1] would not result in suppression of evidence as a remedy. *See Davis v. United States*, 564 U.S. 229, 248-49

---

[1] *Stimler* was decided after the events at issue here, but does nevertheless indicate that the Third Circuit understood that it had established precedent on the issue. *See* 864 F.3d at 266-67.

(2011). Defendant argued that the Supreme Court did not say anything about good faith in *Carpenter* (D.I. 67), but I have little doubt that *Davis* is not overruled and that *Carpenter* does not mandate suppression of the evidence of the Verizon Wireless cell-site location information. Thus, the Motion to Suppress Warrantless Search (D.I. 32) is **DENIED**.

IT IS SO ORDERED this 27 day of June 2018.

/s/ Richard G. Andrews
United States District Judge