**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| v. | : | Criminal Action No. 17-26-RGA |
| | : | |
| **KEITH CAMPBELL**, | : | |
| | : | |
| Defendant. | : | |

**<u>FINAL JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

FINAL INSTRUCTIONS ...............................................................................................................1

    Role of the Jury.........................................................................................................................1

    Evidence ....................................................................................................................................2

    Presumption of Innocence; Burden of Proof; Reasonable Doubt .............................................3

    Separate Consideration – Single Defendant Charged with Multiple Offenses ..........................5

    Opinion Evidence (Expert Witness) ..........................................................................................6

    Credibility of Witnesses – Law Enforcement Officers .............................................................7

    Defendant's Choice Not to Testify or Present Evidence ...........................................................8

    Prior Statement of Defendant ...................................................................................................9

THE CHARGES ........................................................................................................................10

    Nature of the Charges – Introduction ......................................................................................10

    Kidnapping (18 U.S.C. § 1201(A)(1)) .....................................................................................11

    Hobbs Act – Elements of the Offense (18 U.S.C. § 1951) ......................................................12

    Hobbs Act - Robbery Defined .................................................................................................13

    Hobbs Act - "Unlawful Taking by Force, Violence or Fear" Defined ......................................14

    Hobbs Act - "Fear of Injury" Defined .....................................................................................15

    Hobbs Act - Property Defined .................................................................................................16

    Hobbs Act - Affecting Interstate Commerce ...........................................................................17

    Attempt ....................................................................................................................................18

    Conspiracy To Commit An Offense Against The United States: Basic Elements....................20

    Conspiracy – Existence of an Agreement.................................................................................21

    Conspiracy – Membership in the Agreement ...........................................................................22

    Conspiracy – Mental States .....................................................................................................23

    Conspiracy – Success Immaterial ............................................................................................24

DELIBERATIONS AND VERDICT .........................................................................................25

    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court.......................................................................................................................................25

    Verdict Form............................................................................................................................28

## FINAL  INSTRUCTIONS

### Role of the Jury

Members of the jury, you have seen and heard all the evidence in this case.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits;

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

(4) Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties or the parties in this case;

(3) Questions by the parties and questions that I might have asked;

(4) Objections by parties, including objections in which the parties stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant has pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Separate Consideration – Single Defendant Charged with Multiple Offenses**

The defendant is charged with three offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

**Opinion Evidence (Expert Witness)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Richard Fennern.  Because of his knowledge, skill, experience, training, or education in the field of historical cellular record analysis and cellular technology, Special Agent Fennern was permitted to offer opinions in his field and the reasons for those opinions.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that Special Agent Fennern's opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**Credibility of Witnesses – Law Enforcement Officers**

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### Defendant's Choice Not to Testify or Present Evidence

The defendant did not testify and did not present evidence in this case.  A defendant has an absolute constitutional right not to testify or to present any evidence.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Prior Statement of Defendant**

The government has introduced evidence that the defendant made a statement to FBI Agent Scott Duffey.  You must decide whether the defendant did in fact make the statement.  If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

## THE CHARGES

### Nature of the Charges – Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the government has proved that the particular crimes charged was committed by the defendant.  Also keep in mind that whether anyone else should be prosecuted and convicted for his crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proven these defendants guilty of the crimes charged.  Do not let the possible guilt of others influence your decision in any way.

## KIDNAPPING (18 U.S.C. § 1201(A)(1))

The crime of kidnapping, as charged in Count One of the Indictment, has four elements, which are:

One, the defendant unlawfully seized, confined, kidnapped, and abducted an employee of Ace Cash Express without her consent;

Two, the defendant held that employee for the purpose of committing a robbery of Ace Cash Express;

Three, the defendant voluntarily and intentionally transported the employee while she seized, confined, kidnapped, and abducted; and

Four, the transportation was in interstate commerce.

"Interstate commerce" means commerce or travel between one state and another state. The government must prove that the defendant crossed a state line while intentionally transporting the employee of Ace Cash Express.

The government does not have to prove that the defendant knew he was crossing a state line.

### Hobbs Act – Elements of the Offense (18 U.S.C. § 1951)

Count Two of the Indictment charges the Defendant with attempt to interfere with interstate commerce by robbery, and Count Three of the Indictment charges the Defendant with conspiracy to interfere with interstate commerce by robbery.

Now I will discuss the elements of the underlying crime of interference with interstate commerce by robbery.  After I have discussed that, I will discuss the elements of attempt and the elements of conspiracy.

In order to sustain its burden of proof for the crime of interfering with interstate commerce by robbery as charged in Counts Two and Three of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

First: That the defendant attempted to (as alleged in Count Two of the Indictment), and/or conspired to (as alleged in Count Three of the Indictment), take from an employee of Ace Cash Express the property described in Counts Two and Three of the Indictment;

Second: That the defendant attempted to and/or conspired to do so knowingly and willfully by robbery; and

Third: That the actions which the defendant attempted and/or conspired to accomplish would have resulted in interstate commerce being obstructed, delayed, or affected.

**Hobbs Act - Robbery Defined**

Robbery is the unlawful taking or obtaining of personal property from the person or in the presence of another, against her will, by means of actual or threatened force, or violence, or fear of injury, whether immediately or in the future, to her person or property, or property in her custody or possession, or the person or property of a relative or member of her family or of anyone in her company at the time of the taking or obtaining.

### Hobbs Act - "Unlawful Taking by Force, Violence or Fear" Defined

The government must prove beyond a reasonable doubt that the defendant unlawfully attempted to and/or conspired to take the alleged victim's property against her will by actual or threatened force, violence, or fear of injury, whether immediately or in the future.  You must determine whether the defendant attempted and/or conspired to obtain the property by using any of these unlawful means, as set forth in the indictment.  The government does not need to prove that force, violence, and fear were all used or threatened.  The government satisfies its burden of proving an unlawful taking if you unanimously agree that the defendant employed any of these methods; that is, the government satisfies its burden only if you all agree concerning the particular method used by the defendant.

In considering whether the defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  A threat may be made verbally or by physical gesture.  Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

14

## Hobbs Act - "Fear of Injury" Defined

Fear exists if a victim experiences anxiety, concern, or worry over expected personal physical or economic harm.  The fear must be reasonable under the circumstances existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the alleged victim's state of mind at the time of the defendant's actions.  It is obviously impossible to prove directly a person's subjective feeling.  You cannot look into a person's mind to see what her state of mind is or was.  But a careful consideration of the circumstances and evidence should enable you to decide whether the alleged victim was in fear and whether this fear was reasonable.

Looking at the overall situation and the actions of the person in question may help you determine what her state of mind was.  You can consider this kind of evidence - which is called "circumstantial evidence" - in deciding whether the defendant obtained property through the use of threat or fear.

You have also heard the testimony of the alleged victim describing her state of mind - that is, how she felt about giving up the property.  This testimony was allowed to help you decide whether the property was obtained by fear.  You should consider this testimony for that purpose only.

You may also consider the relationship between the defendant and the alleged victim in deciding whether the element of fear exists.  However, even a friendly relationship between the parties does not preclude you from finding that fear exists.

15

**Hobbs Act - Property Defined**

The term "property" includes money and other tangible and intangible things of value.

**Hobbs Act - Affecting Interstate Commerce**

The third element that the government must prove beyond a reasonable doubt is that the defendant's conduct affected or could have affected interstate commerce.   Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.  The effect can be minimal.

It is not necessary to prove that the defendant intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce. Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general.  You do not even have to find that there was an actual effect on commerce.  All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.

**Attempt**

I have just explained the elements of the crime of interfering with interstate commerce by robbery.  Count Two of the Indictment charges the defendant with attempt to commit that crime. An attempt to interfere with state commerce by robbery is a federal crime even though the defendant did not actually complete the crime of interfering with interstate commerce by robbery.

In order to find the defendant guilty of attempt to interfere with interstate commerce by robbery, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

First:  That the defendant intended to commit the crime of interference with interstate commerce by robbery, as I have defined that offense; and

Second:  That the defendant performed an act constituting a substantial step toward the commission of interference with interstate commerce by robbery which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to interfere with interstate commerce by robbery merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to interfere with interstate commerce by robbery merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to interfere with interstate commerce

by robbery.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### Conspiracy To Commit An Offense Against The United States: Basic Elements

Count Three of the Indictment charges that the defendant agreed or conspired with one or more other persons to interfere with interstate commerce by robbery.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to commit an offense against the United States, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First:  That two or more persons agreed to commit an offense against the United States, as charged in the indictment.  I have already explained to you the elements of the offense in question, which is interference with interstate commerce by robbery;

Second:  That the defendant was a party to or member of that agreement; and

Third:  That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States.

I will explain each of these elements in more detail.

### Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of interfering with interstate commerce by robbery.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.  The government is not even required to prove that all members of the alleged conspiracy were named in the indictment, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

### Conspiracy – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it.  Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the joined the conspiracy.

22

**Conspiracy – Mental States**

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective.  That is, the government must prove: (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.

**Conspiracy – Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving the objective of the conspiracy.  You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually interfered with interstate commerce by robbery.  Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

## DELIBERATIONS AND VERDICT

### Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offense charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  By custom of this Court, your foreperson is Juror #1.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your

25

duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

If you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the parties about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit.

**Verdict Form**

A verdict form has been prepared that you should use to record your verdict.

Take this form with you to the jury room.  When you have reached your unanimous verdict, the foreperson should write the verdict on the form, and date and sign it, and then the rest of you should sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.